67390. THE STATE v. RICHARDS.

Pope, Judge.

The State appeals the granting of defendant Richards' motion to suppress the results of his polygraph examination. The trial court held that the State had not "scrupulously adhered" to the stipulation between counsel for Richards and counsel for the State for use of the polygraph examination at trial as required by *Chambers v. State*, 146 Ga. App. 126 (245 SE2d 467) (1978). Richards was originally represented by attorney Woodman. Richards, through Woodman, entered into a stipulation providing that Richards would submit to a polygraph examination; that the results would be admissible at trial without objection; and that "[t]he results and/or opinions resulting from the examination(s) are to be released orally and in writing by the polygraphist to both sides within three days after the administration of the final polygraph tests."

The examination was administered on April 12, 1983. Woodman, counsel for Richards, was present during the pre-examination interview and the examination itself. At the conclusion of the examination, Woodman was informed that his client had failed the examination. He was also told before the examination that he could get the written report that day. However, Woodman left without first obtaining the written report. At some later date, Woodman called the polygraphist to obtain a copy of the written report and was told that he must get it from the district attorney's office. Woodman never made any attempt to contact the district attorney's office regarding the report. On April 22, 1983 Woodman withdrew as counsel for Richards and attorney Clayton was appointed to represent Richards. On April 27, 1983, at the call of the calendar, counsel for Richards made the motion to suppress; due to this motion and other discovery motions previously filed by Woodman and still pending, the trial court continued the trial. The trial court later granted the motion to suppress on the basis that counsel for Richards was not provided a copy of the written report by the polygraphist within three days of the administration of the polygraph test.

1. In *Chambers v. State*, supra at 129, we held that "agreements between counsel regarding conditions for taking a polygraph examination must be scrupulously adhered to by both sides. Deviation from

the spirit or letter of the agreement can be grounds for denial of admissibility of test results. [Cits.]" This court further recognized that it could not foresee all possible contingencies regarding the use of polygraph tests and so further declared: "When such unforeseen events occur, and they violate the spirit or the wording of counsel's agreement which is detrimental to a substantial right of an accused, we cannot say that the error is harmless." Id at 129. Thus, while deviation from scrupulous adherence to the agreement *can* be grounds for denial of admissibility, it does not necessarily require it. The court must make an assessment of whether the deviation caused detriment to a substantial right of the accused. The record before us shows that the only violation of the agreement was not providing the written report within three days of the polygraph test. However, counsel for Richards was present during the test and was informed of the opinion of the polygraphist regarding the results of the test. The written report was provided to counsel at a later date, and trial of the case was continued. The record shows that had all proceeded as agreed, counsel for Richards would have had the written report in hand for some twelve days before the scheduled trial. Since trial was continued, and counsel has had even more time with the written report in hand than the agreement originally contemplated, we see no harm to any substantial right of the defendant.

2. Nor are we persuaded that the written report provided violated the spirit of the agreement because it did not include all of the questions propounded to Richards during the test. If this were the assumption of counsel for Richards, it should have been spelled out in the written agreement. As it was, defense counsel was present during the polygraph test to observe the proceedings; he heard all the questions propounded. Thus, defendant Richards was provided an opportunity to gather sufficient material for cross-examination. For these reasons, the judgment of the trial court must be reversed.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 21, 1984 —
REHEARING DENIED MARCH 14, 1984 —

*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney*, for appellant.
*Wallace C. Clayton, Melodie H. Clayton*, for appellee.